GOICOCHEA *vs.* RICARTE.

APPEAL FROM THE PARISH COURT OF NEW-ORLEANS.

A creditor is bound by the proceedings on the *concurso* when he is placed on the *bilan* and represented by an acknowledged attorney in fact.

Where a debtor makes a cession of his goods, his anterior creditors have no claim on him, unless he has a sufficiency of goods to discharge debts incurred since the cession, and a sufficiency for the subsistence of himself and family; and then the newly acquired property must be abandoned for the benefit of all the creditors, and ought not to be seized for the benefit of a single creditor.

This action was brought to recover from the defendant a debt which he contracted to the plaintiff at San Louis Potosi, in Mexico, prior to the year 1816.

It appeared, in defence, that a meeting of the defendant's creditors was legally convoked at San Louis Potosi, in the year 1820 ; that the plaintiff was placed on the bilan as a creditor, received a dividend from the estate, and was represented at the meeting by his acknowledged attorney in fact.

The jury found a verdict for the defendant, and judgement being rendered thereon, the plaintiff appealed.

MARTIN, J., delivered the opinion of the court.

The plaintiff and appellant complains of a verdict and judgement allowing the defendant's plea, that he was discharged from the demand he was sued on, because he had made a cession of his goods, in the city of San Louis de Potosi, in the state of Mexico, where the debt was contracted. The plaintiff being a party to the *concurso*, by Esquizabal, his attorney in fact, who had received his proportion of the proceeds of the goods ceded.

The plaintiff and appellee has contended that,

I. The evidence does not establish that he was a party to the *concurso*.

EASTERN DIS.
May, 1832.

GOICOCHEA
vs.
RICARTE.

2. That the proceedings on the *concurso* are not binding on creditors whose claims were not put on the schedule, who were not cited, or persons who became creditors afterwards.

3. That property of the defendant had been attached, and he had not shown that he had not, besides it, the means of existing.

I. The record shows that the plaintiff was placed as a creditor (represented by Esquizabal) for two thousand one hundred and seven dollars and thirty-seven and a half cents; that in one of his letters he acknowledges Esquizabal as his attorney in fact, and in his account current annexed to the petition, he credits the defendant with four hundred and fifty-five dollars and sixty-two and a half cents, being his dividend at two and five-eighths per cent. on the two thousand one hundred and seven dollars and thirty-seven and a half cents. The jury on these facts, could not, in our opinion, refrain from finding a verdict for the defendant.

II. The plaintiff's account, which is the basis of the present suit, exhibits no claim against the defendant, accruing at any period posterior to September 4, 1816. The cession was made in 1820.

III. When a debtor makes a cession of his goods, his anterior creditors have no claim on him, unless he has a sufficiency of goods to discharge debts incurred since the cession, and a sufficiency for the subsistence of himself and family; and then the newly acquired property must be abandoned for the benefit of all the creditors, and ought not to be seized for the benefit of a single creditor.

It is, therefore, ordered, adjudged and decreed, that the judgement of the Parish Court be affirmed, with costs in both courts.

*Moreau* and *Soule*, for appellant.    *De Armas*, for appellee.

A creditor is bound by the proceedings on the *concurso* when he is placed on the *bilan* and represented by an acknowledged attorney in fact.

Where a debtor makes a cession of his goods, his anterior creditors have no claim on him, unless he has a sufficiency of goods to discharge debts incurred since the cession, and a sufficiency for the subsistence of himself and family; and then the newly acquired property must be abandoned for the benefit of all the creditors, and ought not to be seized for the benefit of a single creditor.