### Nicholas Gurlie *v.* James Flood.

A judgment discharging the future property of an insolvent, who had made a *cessio bonorum,* from all proceedings for the recovery of debts previously contracted, though it may not have strictly conformed to the law under which it was rendered, will be conclusive against a creditor who was a party to the proceedings, and took no appeal therefrom within the time prescribed by law.

One who was a creditor of an insolvent at the time of his surrender, cannot take out an execution against property subsequently acquired. Property acquired since the cession cannot be proceeded against by any of the creditors individually. It must be abandoned for the benefit of all the creditors, and those who have become such since the first cession must be paid in preference to the others. C. C. 2173.

Appeal from the Parish Court of New Orleans, *Watts,* J.
*Grivot,* for the appellant.
*Crawford* and *McHenry,* for the defendant.

Morphy, J. The plaintiff having obtained a judgment in this case, sued out an execution, in January, 1834, on which a return of *nulla bona* was made. In February following, a *capias ad satisfaciendum* issued, the return on which shows that the defendant availed himself of the privilege of the prison bounds, as then established by law. In 1836, he applied for the benefit of the laws for the relief of insolvent debtors in actual custody, and a judgment was rendered in due course of law, discharging his person and future property from all process for debts theretofore contracted. A syndic was appointed, and the insolvent, after

taking the oath prescribed by the statute, executed an assignment of all his property to his creditors. In June, 1843, the plaintiff took out an execution, under which a judgment obtained by the defendant in another suit, for $2,000, was levied upon. This writ was returned into court, and in November, 1844, another execution was issued, when the defendant took a rule on the plaintiff, to show cause why the execution should not be quashed and set aside, by reason of the discharge he had obtained in 1836. The rule having been made absolute, the plaintiff appealed.

His counsel contends that the proceedings had in 1836, only discharged the defendant from the custody of the sheriff, but did not discharge him from previous debts, because no creditors attended at the meeting ordered by the judge ; and he has called our attention to the case of *Dufau* v. *Massicot's Heirs,* 6 Mart. N. S. p. 182. In that case, the judgment obtained by Massicot, a number of years before, discharged him out of custody, but made no mention of his debts. The court held that such a discharge did not release the insolvent from debts previously contracted ; that the only cases in which the debtor was discharged from his debts, under the law of 1808, were : *first,* where two-thirds of the creditors consent to such discharge ; and *secondly,* where they make an allegation of fraud, and that allegation is found untrue ; but that no such consequence is declared to follow the non-attendance of the creditors, and their failure to consent, or object, &c. In the present case, the judgment recites, it is true, as the ground upon which it is rendered, that no opposition was made, nor cause shown by any of the creditors, against the insolvent's being admitted to the benefit of the insolvent laws ; but it expressly discharges, not only the person of the defendant, but also his future property from all process for debts theretofore contracted. The plaintiff was a party to the proceedings, and never appealed from the judgment given therein, which has acquired the force of *res judicata,* and is binding on him, although it may not conform strictly to the law under which it was rendered. But even if this judgment was not binding, and did not discharge the defendant from his debts, we

are clearly of opinion, that the execution issued in this case was properly set aside, on another ground. When a debtor has made a *cessio bonorum*, his newly acquired property cannot be proceeded against by any of his creditors individually, but must be abandoned for the benefit of all the creditors; and when this new surrender or cession is made, the creditors who have become such since the first cession, must be paid in preference to the others. An execution was, therefore, improperly permitted to be issued for the benefit of a single creditor. Civil Code, art. 2173. 4 La. 44. See also the case of *Quimper* v. *Bierra*, decided in June last.

*Judgment affirmed.*