## W. B. Scott v. G. C. Bogart and S. Toby.

A *cessio bonorum* in this State is not a peremptory bar to a suit upon a judgment rendered contradictorily with the ceding debtor in another State after the cession has been accepted here, even though the debt upon which the foreign judgment was obtained was put upon the debtor's bilan.

In those States where the common law prevails, when a commercial firm is sued, it is necessary that process should be served on each member of the firm, and effect will not be given in our courts to a judgment there rendered against one of the members who was not served with process and made no appearance in the suit.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.

*J. Livingston*, for plaintiffs and appellants. *Durant & Hornor* and *Hart & Martin*, for defendants.

MERRICK C. J. The majority of the court adopt the opinion prepared in this case by Mr. Justice Spofford before his resignation. It is as follows:

SPOFFORD, J. This suit is based exclusively upon a judgment purporting to have been rendered in the Court of Common Pleas for the city and county of New York on the 2d October, 1855.

Both defendants excepted to the suit, upon the alleged grounds that on or about the 17th Feb. 1855, they made a *cessio bonorum* to their creditors and obtained a final judgment of discharge in the Sixth District Court of New Orleans, where the present suit was brought; they further alleged that plaintiff's claim was put on their bilan, and that one of the plaintiff's being a resident of New Orleans had notice thereof.

The exceptions were sustained and the suit dismissed by the District Judge, who says he felt constrained to this course by the authority of the case of the *Northern Bank of Kentucky* v. *Squires*, 8 An. 318.

But there is a peculiar feature in this case which the District Judge appears to have overlooked.

The suit is upon a foreign judgment. The plaintiffs do not seek to recover upon the original cause of action, but upon the judgment in which it has been merged. This judgment was obtained long subsequent to the Louisiana cession

SCOTT
v.
BOGART.

and the alleged discharge there under. If this discharge was a bar to the original demand, they should have pleaded it in the New York court where that demand was litigated.

A Louisiana cession is not a peremptory bar to a suit upon a judgment rendered contradictorily with the ceding debtor, in another State, after the cession has been accepted here, even though the debt upon which the foreign judgment has been obtained was put upon the bilan.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, the defendants' exceptions overruled, and the cause remanded to be proceeded in according to law, the costs of this appeal to be paid by the defendants and appellees.

BUCHANAN, J., dissenting. The opinion of the majority of the court appears to me to overrule the case of *Northern Bank of Kentucky* v. *Squires*, 8th An., in which case I concurred, and have seen no sufficient reason to doubt the correctness of the doctrine therein contained.

I am of opinion that the Judgment of the District Court should be affirmed.

---

## SAME CASE—ON A RE-HEARING.

MERRICK, C. J. On a reëxamination of the record of the case before the Court of Common Pleas of New York, offered in evidence in this case, we cannot find that any process was served upon the defendant, *George C. Bogart*. *Toby* answered the suit, but only for himself. It seems to us, therefore, quite clear, that the New York judgment could not bind *Bogart*, particularly as the plaintiffs, under their New Orleans name, were parties to the insolvent proceedings, and were bound by the decree homologating the deliberation of the creditors discharging *Bogart* from liability. C. C. 2173; *Gurlie* v. *Flood*, 11 Rob. 166; 5 An. 501.

It is urged that we are bound to presume that the proceedings in the Court of Common Pleas were regularly conducted according to the maxim, *omnia præsumunter rite esse acta.*

We think it would be carrying the doctrine of presumptions too far when invoked to defeat a solemn judgment of our own courts with the proper parties before them in order to give effect to a foreign decree.

It is again urged that the service upon one partner must be held sufficient to bring both into court. But the common law prevails in New York, and it is necessary under the common law that process should be served upon each member of a commercial firm ; moreover, the domicil of *Bogart, Williams & Co.* was New Orleans and not New York. *Walworth* v. *Henderson*, 9 An. 339.

In regard to the defendant, *Toby*, the case is different. He was a party to the suit in the Court of Common Pleas. He went into bankruptcy in February, 1855, after the suit was commenced against him in New York. The creditors voted a discharge, which was filed and homologated in April, and the decree was finally signed on the first day of May, 1855, discharging *Bogart* and *Toby* from all the debts placed on their bilan, which included the debt in controversy.

This judgment was doubtless binding upon the plaintiffs, for they were cited by their New Orleans name, *R. H. Thorne & Co.*, and were parties to it. At this time the New York suit was still pending, and this final judgment of a competent court might have been pleaded in bar of that suit. The courts of New

York were bound, under the Constitution and laws of the United States, to give it its effect. It was a defence which would have been as availing as the plea of payment or set-off. But this defence was not pleaded, and the cause in New York was continued until October, 1855, when it was tried and a judgment rendered against *Toby* and *Bogart*.

As to *Toby*, who was a party, the original cause of action was annihilated and merged in the judgment. In the place of the debt, *Toby* became bound by a judgment which, by the Constitution and laws of the United States, was as obligatory upon him in every other State of this Union as in the State of New York. Const. U. S. Art. 4, sec. 1 ; Act of Congress 26th May, 1790 ; *Mills* v. *Duryee*, 7 Cranch, 481, (2 condensed 578,) *Hampton* v. *McConnell*, 3 Wheaton, 234, (4 condensed R. 243,) 7 An. 334.

The question is then presented in the conflict between the two decrees upon the same subject-matter, one discharging the debtor and the other decreeing him to pay the same debt, which shall prevail ? It seems to us, that the one last rendered must have effect, for it was in the power of the defendant in the last suit to have pleaded the former one in bar, and not having done so, he must be presumed to have waived his plea of *res judicata*. By the judgment, which absorbs the defence he might have made, he becomes indebted to his creditor by a new title.

Our judgment must be set aside as to *G. C. Bogart* and the judgment of the lower court affirmed in regard to him.

It is, therefore, ordered, that so much of the decree heretofore rendered by us as reverses and avoids the judgment of the lower court as to the said *George C. Bogart*, be set aside, and that the judgment of the lower court, sustaining his exceptions, be affirmed, and that the judgment of this court as to the other defendant, *Simeon Toby, jr.*, overruling his exceptions and remanding this cause for further proceedings remain undisturbed, and it is further ordered, that the plaintiffs and *Simeon Toby* each pay one-half of the costs of the appeal.

BUCHANAN, J., dissenting. I dissent from so much of the decree on re-hearing as condemns the defendant, *Toby*, for reasons given in my dissenting opinion upon the first decision of this appeal.