Mr,. Chief Justice Ma»shai,l
 

 delivered the opinion of the court. This is precisely the same case as that of Mills v. Duryee. The court cannot distinguish the two cases. The doctrine there held was that the judgment of. a state court should have the same credit, validity and effect, in every other court • of the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to.a suit thereon in such state, and none others, could be plea-ed in any either court in the United States.
 

 Judgment affirmed.
 
 c
 

 c
 

 In Mills v. Duryee, 7
 
 Cranch,
 
 481. the following points were adjudged: 1st That the act of 1790, ch. 38, prescribing the mode in which the public acts, records, and judicial proceedings, in each state, shall be so authenticated as to take effect rn every other state, declaring that the record of a judgment duly authenticated shall have such faith and
 
 *236
 
 credit as it has in' the state court from whence it was taken; if in such court it has the. effect of record evidence, it must have the same effect in every other court within the United States. 2d. That in every case arising ynder the act, the only inquiry is,what is. the effect of the judgment in t.he state where it was rendered. 3d. That whatever might be the effect of a plea of
 
 nil deb'et
 
 to an action on a state judgment, after verdict, it could not be sustained on demurrer. 4th. That on such a plea the original record need sot be produced for inspection, but thát an exemplification thereof is sufficient. 5th. That the act applies to the courts of the-district of Colombia, and to every -other court within the United States.
 

 In the argument of Bordon v Fitch,
 
 15. Johns. Rep,
 
 121. in the supreme court 'of
 
 Nevr
 
 York, it sce.ms to have been supposed that this court had decided in Mills v. Duryee, that
 
 nul tiel record
 
 was the only proper plea to.an action upon a state judgment. But it is. conceived that as to the pleadings, it only decided that
 
 nil debet
 
 tfas not a proper plea; and that the court would hold that any plea (as well as
 
 nul tiel
 
 record) that would avoid the judgment, if technically pleaded, would, be good. However this may be,- it "may safely be affirmed, that the question is still open in this court whether a special plea of fraud might not be pleaded, or a plea to the jurisdiction of the court in which the judgment was obtained; for these might, in' some cases, be pleaded in the state court to avoid the judgment.