*4 OPINION OP THE COURT/
The question referred to the decision of this c'onrt is,- whether an au--ihenticated copy of the judgment of a court of a sister state?- rendered in a suit commenced by attachment against the property of a person who was without such state, and who was not personally served with process, will be received,- in the courts of this state, as primafacie evidence of a debt, in a suit instituted here, to obtain the execution of such judgment.
From the first view of the cases by the plaintiff’s counsel, it would be supposed, -that the copy of such a judgement, would be received in-any of the courts of the United Statesy as primafacie evidence at least; and such seem to have been the impressions of the defendant’s, counselin those cases.- But upon a closer examination of them, we discover that the question involved in this motion, was not, in any of those cases made by the counsellor decided by the court: the only inquiry there was as to the conclusiveness of the judgment, not as to its admissibility. Besides, it does not appear that the judgments then sought to be enforced, were rendered in suits instituted by attachment, in which there was no personal service of process on the defendant.
We must, therefore, take up the subject, upon the cases in which this question came directly before the court, and upon the- reasons and principles which constituted the basis of their decision.
Proceedings by attachment operate upon the property, not upon the person of the defendant: And although, after the rendition of judgment,, the property attached may be legally applied to its satisfaction, yet the defendant does not, thereby, become personally amenable to the jurisdiction of the court rendering the. judgment. 9 Mass. 468. It is carrying the rule far enough to make these ex parte proceedings obligatory upon the property attached, without extending the obligation to the person of the defendant
It is certainly contrary to our ideas of justice in legal proceedings, as well as in the common transactions of life, to determine and adjudicate upon a question,, in which a man’s life, liberty, or property is involved, without affording him an opportunity of being heard in 1ns defence. It is very difficult to defend, on principles of justice, the practice adopted by aome nations of enacting laws of attainder, or proceeding to outlawry against a,n individual and declaring him guilty of any crime oí which he *5 may be accused, .without proof of guilt, upon his failure to appear' and' take his trial in obedience to a proclamation issued against him, when he was out of the government and could receive no notice of the proclamation. It is equally unjust, that a person should be deprived of, or affected in his property, by proceedings of which he has no knowledge. Such a practice cannot be justified upon principle, by the reason commonly given,, that the proceedings are intended to compel the appearance of the defendant, and that when he does appear, he can have a fair opportunity of making his defence. It would be unreasonable in the extreme, that a person should be compelled to attend, ten or fifteen hundred miles from his-residence, to defend himself against a claim whether just or unjust, because there may be found, by chance, in that distant country, an article off his property, of the value of six-pence, or a creditor of his to that amount, who,by being summoned as garnishee, may give jurisdiction to its courts. Independent of this inconvenience, notice of these proceedings by attachment very seldom reaches the party to be charged thereby, until judgment has been rendered against him,, and it is too late to make defence. In some of the states, no notice, of any kind, is required. In the state of Louisiana, a notice, in cases of attachment,, is set up at the court-house, and if the defendant lives at any considerable distance therefrom, which is generally the fact, there are ten chances to one against his receiving notice through that channel.
But it is said, that a judgment thus obtained is not to be conclusive against the defendant: he may still have an opportunity of showing that he is not indebted to the plaintiff.
This privilege will not remedy the evil; by admitting such judgment-as prima facie evidence only, the proof of a-negative of a most difficult character is thrown upon the defendant. It is much easier for - a plaintiff ,to establish a false or unfounded demand ex parte, than for a defendant to-■prove by negative testimony that no such claim exists. In attachment cases, the judgment is taken by default for want of a personal appearance ■of the defendant; and, in most of the states, if the suit is predicated upon an obligation or written promise, the genuineness of the instrument is admitted by the default. In the state of Louisiana, where this judgement was obtained., the plaintiff may put interrogatories to the defendant, as to the truth of tlie allegations contained in his petition, and if the defendant *6 fails to answer them, they are taken pro confesso, and the plaintiff obtains, a judgment for the amount of his claim without any evidence whatever.
Note — Since the above decision, the Supreme Court of Louisiana, has given a more’ extended operation to their attachment law, than was contemplated by the courts of this state. In the case of Gray vs. Trafton, 11 Martin 246, the Supreme Court of Louisiana have decided, that their proceedings by attachment operate in personalty and thata judgment founded upon sufch proceedings, obtained m the state of Louisiana, is evidence of the debt, in another action, between the same parties, in the courts of that state. If. so, such judgment would be competent testimony in the courts of this state. Art. 49, Sect. 1, Const. U. States; 7 Cranch 481,483; 3 Wheaton, 234, The opinion, however, of the Supreme Court of Mississippi, is in consonance with the English authorities^ and with the decisions in our sister states, Louisiana alone excepted»
Suppose .a judgment is thus obtained upon an account for goods sold and deli vered,for- money had and received by defendant,without any circumstances appearing ofthe time or place of contracting the debt,or upon a forged note or bond; and a suit should be brought, upon such judgment, in another state it would be almost impossible for the defendant to prove, that he did not re.’ ceive the money or goods from the plaintiff) or that the note or bond,'taken to be genuine, was forged:: He cannot expect to'prove the forgery,.without the production ofthe forged instrument, and he cannot produce it because it is on the files of a court of a separate and distinct sovreignty, beyond the jurisdiction of the .court before which he is sued.
The cases cited by the plaintiff’s counsel, do not support the doctrine for which he contends. On the other hand, in several cases very similar to the one under consideration, it has been decided by courts of high respectability, thata judgment obtained against an individual without personal service of process and without notice of the suit, could not be given'in evidence in a subsequent' suit brought upon that judgment. The case of Buchanan vs. Buckner 9 East. 192, is expressly in point.
Whether we consider this case, therefore, upon the principlesof natural right m>d justice, or upon the weight of authority, we think the transcript of the record was inadmissible, and that the judge below decided correctly in excluding it.
Motion overruled.