East'nDistrict.
*June*, 1824.

CASONOVICHI
& AL.
*vs.*
DEBON & AL.

——◦+◦——

## *MACKEE & AL.* vs. *CAIRNES & AL.*

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This is a suit by attachment, founded on a bill of exchange, drawn by the defendant, in favor of the plaintiffs, on Thomas J. Rogers, which is stated to have been regular-

A judgment in a sister state between the same parties, for the same thing, sustains the plea of *res judicata*. The plaintiff cannot in his replication

East'nDistrict. ly protested for non-acceptance. The answer
June, 1824. filed in the case, sets forth distinct pleas on the
MACKEE & AL. part of the defendants, and claimants. That in
vs.
CAIRNES & AL. favor of the former, is a plea in bar or peremp-
claim the bene- tory exception to the plaintiffs right of action,
fit of a judg-
ment which is on the bill of exchange, as a matter in that res-
opposed to him
as an excep- pect already adjudged, in the supreme court
tion.
If the defen- of the state of New-York. In support of the
dant is not pro-
perly before the claim of the other parties, an assignment by
court, there
can be no judg- Cairnes to them, of all his property, &c. is
ment rendered
between the pleaded.
plaintiff & gar-
nishees.

The judgment of the court below, dismisses the attachment, and orders the property to be delivered to the claimants. From this the plaintiffs appealed. In the judgment of the district court, the plea *rei judicatæ*, seems not to have been taken into consideration. But it is now pressed on this court, and attempted to be supported by many authorities cited for that purpose. Although no appeal has been taken on the part of the defendants, yet as their counsel has filed as a ground the overruling of his plea in bar ; according to the act of 1820, the cause may be reconsidered in this court, in relation to that exception.

The question which this part of the case presents for determination, depends principally

East'n District.
June, 1824.

MACKEE & AL.
vs.
CAIRNES & AL.

on the 1st sec. of the 4th art. of the constitution of the U. S. which provides for the faith and credit, to be given to records of one state, when offered as evidence in another; and the act of Congress, passed on the 26th of May, 1790, in pursuance of said art. of the constitution. These rules have already received judicial interpretation by the supreme court of the U. S. in relation to pleading in suits, founded on judgments rendered by the courts of the several states, when they are commenced and prosecuted in a state different from that in which such judgments may have been pronounced.

By the construction given to the constitution and the law, according to the decision of the cases, wherein it has been found necessary to consider them; the same effect is allowed to the judgment of one state, when sued on in another, that a judgment of the latter would have, as the basis of a new suit; at least so far as such effect operates on the pleas of the case. see 7 *Cranch*, 481. & 3 *Wheat.* 234. Both by the constitution and act of Congress, a judgment properly authenticated and certified, from one state to another, must in the latter, have the faith and credit, which a judgment of

East'n District. one of its own courts would have, between the
June, 1824.
                same parties and for the same cause of action;
MACKEE & AL.    who might be found in litigation a second
    vs.
CAIRNES & AL.   time, on the original cause of complaint. It is
essential to the perfection of a final decree or
judgment, that it should settle all the matters
in dispute, between the parties litigant, to their
full extent, as embraced by the suit. The ef-
fect of such a judgment, rendered by a court of
competent jurisdiction, in the same state in
which it was pronounced, according to the
principles of the common law, would be to
merge in it, the original cause of action;
which thereby becomes *res judicata;* and con-
sequently a good plea in bar, or peremptory ex-
ception to a suit subsequently brought on the
same ground of complaint. If then a judg-
ment duly authenticated and certified, from a
different state, must have the same credit, as a
judgment of the state itself would have in a
new suit, commenced on the same cause of
action, it seems to us to follow, as a necessary
consequence, that both the one and the other
produce the same effect; otherwise for what
good purpose does the former receive credit?
Effect and credit *quoad hoc,* may be con-
sidered convertible terms. We therefore con-

East'n District.
*June,* 1824.

MACKEE & AL.
*vs.*
CAIRNES & AL.

clude that the judgment rendered in the supreme court of the state of New-York, on the bill of exchange, which is the basis of the present action, being between the same parties, is properly plead as *rem judicatam,* and that on this ground, the attachment ought to be quashed, and the plaintiffs' suit dismissed, as being founded on a cause of action which no longer exists. We might perhaps in this manner dismiss the case from further consideration, except for the replication of the plaintiffs, to this plea in bar, wherein they claim the benefit of their judgment obtained in New-York. How this can be granted to them, we cannot perceive. If the plea be good as a bar to their action, then there is nothing more before the court on which to act; and it would certainly be a magical kind of proceeding in the administration of justice, to change in an instant, and in the same suit, that which in the hands of the defendant, was to him a shield, into a weapon of destruction in those of his adversary. This view of the subject will in part also be applicable to the situation of the intervening parties to the suit. The plaintiffs having mistaken their cause of action, or failed in the legal mode of pursuing their rights, puts them at

East'n District.
*June*, 1824.

MACKEE & AL.
*vs.*
CAIRNES & AL.

once out of court ; and the claimants have no longer any person to contend with. The suit is ended and the claim of the latter, could not be properly and legally investigated, as such investigation would not proceed contradictorily with any one of the original parties, because they are *hors de court ;* and judgment pronounced in a case without parties, would certainly be an anamoly in judicial proceedings. The judgment of the district court must therefore be reversed, in as much as it decrees the property or funds in the hands of the garnishee to belong to the claimants. How the judgment of the supreme court of New-York, is to be made executory in this state, it is not necessary to decide ; whether by suit in the ordinary form, or in *via executiva*, must be left for the consideration of those who claim its benefits.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, annulled and reversed, and it is further ordered, adjudged and decreed, that the attachment be quashed, and the plaintiffs suit dismissed, and that the appellees pay the costs of this appeal only.

*Eustis* for the plaintiffs, *McCaleb* for the defendants.