Reese J.
delivered the opinion of the court.
An action of debt upon the record of a judgment obtained in Virginia, was brought by the defendants in error against the plaintiff. The latter, among other things, pleaded a statute of Virginia, which limits the right to bring an action of debt or scire facias upon a judgment to the term of ten years after its registration. To this plea a demurrer was filed, which the circuit court sustained;, and whether the circuit court in that respect erred, is the question before us.
The counsel for the plea admits, that in general, in cases of contract, defences, arising from matters ex post facto, are governed by the law of the forum. And with regard to statutes of limitation especially, there can be no doubt, and it has not been here controverted, but that they are strictly questions affecting the remedy, and not questions upon the merits. And in such cases, it is said by an eminent jurist, to have become a formulary in international jurisprudence, that all suits must be brought within the period prescribed by the local law, otherwise the suit will be barred. Story’s Conflict of Laws, § 577.
But, it is insisted that this suit having been founded upon a judgment rendered in one of the states of this Union, is subject under the constitution and laws of ihe United States, to the same defences, arising upon matters ex post facto, and affecting the remedy merely to which it would have been subject, if brought in the state where the judgment was rendered. The first section of the fourth article of our federal constitution provides, that “full faith and credit shall be given, in each state, to the public acts, records, and judicial proceedings of every other state. And the Congress may, by general laws, prescribe the manner in which such acts, records, and judicial proceedings shall be proved, and the effect thereof;” and accordingly, Congress prescribed the manner of *42 proof, and provided that records and judicial proceedings shall have such faith and credit given to them, in every court within the United States, as they have by law or usage in the courts of the state from which the said records are or shall be taken.” And here, at once it may be asked, if when, in a suit brought upon this Virginia judgment, we give conclusive effect to the record by again rendering judgment thereon, it can be pretended that we have withheld faith or credit from a record or judicial proceeding of that state, because we refuse to apply an ex post facto defence, affecting not the validity or conclusiveness of the judgment, but the remedy merely, but which would have been enforced if the suit had been brought in Virginia? The very statement shows, that here is no defect in faith and credit, or conclusiveness of effect, as to the record from Virginia; but the real complaint would be, that our own lesjori, as to the remedy should not cease to operate in favor of the local remedy of Virginia. If this could be done, it would follow, as a consequence, that the local remedy prescribed by the Virginia statute, would in that state cease to operate, whenever a suit might be brought there upon a judgment recover in any other state, — a consequence without and beyond the scope of the words or intention of the constitution and act of Congress, — a consequence injuriously affecting the power of the states, each for itself, to impose statutes on all for repose, and founded upon a policy alike salutary and enlighted.
But it is said, that in the case of Hampton vs. McConnell, 3 Wheaton, 234, and the case of Miles vs. Duryee, 7 Cranch, 481, the Supreme Court of the United States determined, that whatever pleas would be good to a suit brought upon a judgment in the state where it was originally rendered, and none others can be pleaded in any other court of the United States; But a reference to those cases will prove that this general language relates to pleas, affecting the validity and conclusive effect of a judgment, qua judgment. But in the cases themselves, or in the words of the court, there was nothing relative to the question of an ex post facto defence or plea affecting the remedy only, the judgment itself being .taken as valid and conclusive.
Note. Res judicata. A fact which has been directly tried and decided by a competent jurisdiction, cannot be contested agaia between the same parties, in the same or any other court. This rule applies not only to verdicts and judgments at common law, but to the sentences of admiralty and ecclesiastical courts, to decrees in chancery, — and in short, to the judgments of all courts which have proper cognizance of the subject matter, so far as they profess, to decide the particular matter in dispute. Hopkins vs. Lee, 5 Cond. R. 23. Story’s Confl. c. 15.
Upon the whole we think the Judgment of the circuit court is correct, and must be affirmed.