By the Court, Cowen, J.
The proceedings and declaration are well enough in treating the plaintiffs, though mere assignees of the debt for which they sued out the attachment, as the nominal creditors. It is no objection that the bond is taken to them in their own names. (Vid. 1 R. 8. 793, 2d ed. § 10.) But the commissioner had no jurisdiction. The attachment wás nominally against the property of J. Y. Sanger, L. P. Sanger, and D. Sanger, who were originally indebted on a joint and several promissory note, upon which all were sued in a circuit court of the state of Indiana, L. P. Sanger alone arrested, and judgment rendered against him alone. His property was attached here, but delivered to him on his executing the bond in question.
An attachment does not lie on a judgment of a neighbor *484 ing state, for the simple reason that the 1 M. 8. 765, 2d ed. which gives' the remedy by attachment, does not extend it beyond a judgment rendered in this state. (§ 3.) It is true that the first seetion, (subdivision 2,) covers a debt on contract; and the declaration seeks to reach that ground by going behind the judgment. That cannot be done. The judgment extinguished the simple contract debt as to L. P. Sanger. We are told that this is the judgment of a neighboring state. But who can deny, since Mills v. Duryee, (7 Cranch, 481,) and Hampton v. McConnell, (3 Wheat. 234,) that a judgment in one of our sister states must be holden to work the same effect upon the original demand as if it were obtained in this court ? At least the declaration shows no debt valid within the attachment law against L. P. Sanger; a thing made by the statute (§ 58) quite as necessary in an action on the bond, as it is against the absent debtor in the first instance.
Judgment for defendants.