W. F. Allen, J.
A judgment rendered by a court of competent jurisdiction cannot be impeached collaterally for error or irregularity, but is conclusive until set aside or reversed by the same court or some other court having appellate jurisdiction. (Smith v. Lewis, 3 J. R., 157; Homer v. Field, 1 Pick., 435.) The jurisdiction of the court in which a judgment has been recovered is, however, always open to inquiry; and if it has exceeded its jurisdiction, or has not acquired jurisdiction of the parties by the due service of process or by a voluntary appearance, the proceedings *165 are coram nom judice and the judgment void. The want of jurisdiction has always been held to be a valid defence to an action upon the judgment, and a good answer to it when set up for any purpose.
So, fraud and imposition invalidate a judgment as they do all acts; and it is not without semblance of authority that it has been suggested that at law the fraud, may be alleged, whenever the party seeks to avail himself of the results of his own fraudulent conduct by setting up the judgment, the fruits of his fraud. (See per Thompson, C. J., in Borden v. Fitch, 15 J. R., 121, and cases cited.) But whether this be so or not, it is unquestionable that a court of chancery has power to grant relief against judgments when obtained by fraud. Any fact which clearly proves it -to be against conscience to execute a judgment, and of which the injured party could not avail himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or .his agents, will justify an interference by a court of equity. (Reigal v. Wood, 1 J. C. R., 402; McDonald v. Neilson, 2 Cow. Rep., 139; Duncan v. Lyon, 3 J. C. R., 351; Marine Ins. Co. of Alexandria v. Hodgson, 6 Cranch, 206; Shottenkirk v. Wheeler, 3 J. C. R., 275.)
Under our present judiciary system, the functions of the courts of common law and of chancery are united in the' same court, and the distinctions between actions at law and suits in equity, and the forms of all such actions and suits, are abolished, and the defendant may set forth by answer as many defences as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. (Code, §§ 69, 150.) The Code also authorizes affirmative relief to be given to a defendant in an action by the judgment. (§ 274.) The intent of the legislature is very clear, that all controversies respecting the subject matter of the litigation should be determined in one action, and the provisions are adapted to give effect to that intent. Whether, therefore, fraud or imposition in the recovery of *166 a judgment could heretofore have been alleged against it collaterally at law or not, it may now be set up as an equitable defence to defeat a recovery upon it. Under the head of equitable defences are included all matters which would before have authorized ait application to the court of chancery for relief against a legal liability, but which, at law, could not have been pleaded in bar. The facts alleged by way of defence in this action would have been good cause for relief against the judgment in a court of chancery, and under our present system are, therefore, proper matters of defence; and there was no necessity or propriety for a resort to a separate action to vacate the judgment. In Connecticut, although law and equity are administered by the same judges, still the distinction between these systems is preserved, and justice is administered under the head of common law and chancery jurisdiction by distinct and appropriate forms of procedure; .and hence, as it was at least doubtful whether at law the fraud alleged would bar a recovery upon the judgment, a resort to the chancery powers of the court of that state was proper if not necessary.
The right of the plaintiff in the judgment was a personal right and followed his person; and, aside from the fact that he had resorted to the courts of Connecticut to enforce his claim under the judgment, the courts of that state, having obtained jurisdiction of his person by the due service of process within the state, had full power to pronounce upon the rights of the parties in respect to the judgment and to decree concerning it. It necessarily follows that the decree of the superior court of Connecticut, sitting as a court of chancery, directly upon the question of fraud, is conclusive upon the parties to that litigation and all persons claiming under them with notice of the adjudication. The judgment of a court of competent jurisdiction .upon a point litigated between the parties, is conclusive in all subsequent controversies where the same point comes again in question *167 between the same parties. (White v. Coatsworth, 2 Seld., 137; Embury v. Conner, 3 Comst., 522.) In the State of Connecticut, it is quite clear the question of fraud would not be an open question between the parties, but would be considered entirely settled by the decree of the court of that state; and as full faith and credit are to be given by each state to the judicial proceedings of every other state, that is, the same credit, validity and effect as they would have in the state in which they were had, the parties are concluded in the courts of this state by the judgment of the court in Connecticut directly upon the question in issue. (Hampton v. McConnel, 3 Wheat., 234.) The decree of the court of chancery of the State of Connecticut as an operative decree, so far as it enjoined and restrained the parties, had and has no extra-territorial efficacy, as an injunction does not affect the courts of this state ; but the judgment of the court upon the matters litigated is conclusive upon the parties everywhere and in every forum where the same matters are drawn in question. It is not the particular relief which was granted which affects the parties litigating in the courts of this state; but it is the adjudication and determination of the facts bv that court, the final decision that the judgment was procured bv fraud, which is operative here and necessarily prevents the plaintiff from asserting any claim under_it, The court acquired jurisdiction of the parties by the commencement of the action, and the service of process upon the defendant therein, and his appearance by an authorized attorney; and the withdrawal of the action of debt upon the judgment did not deprive it of jurisdiction thus acquired.
The judgment of the superior court must be affirmed, with costs.
Johnson, J.
The questions in this cause arise upon two , exceptions taken at the trial. The first was taken to the decision admitting in evidence the record of a decree m *168 equity, made by the superior court of judicature of the State of Connecticut, between the defendant in this suit and one Olney, the immediate assignor to the plaintiff of the judgment now sued upon. The second was to the instruction of the court to the jury, that the record of the proceedings, finding and decree aforesaid, given in evidence by the defendant to support the allegations in his answer, was, for the purposes of this suit, conclusive evidence upon the plaintiff, if the jury found that Olney appeared in that cause by his authorized attorney.
The plaintiff is in the same position which Olney would have occupied had he been plaintiff; he is the immediate assignee of Olney, against whom, before the assignment, the decree was pronounced; and if it be material, he had actual notice of the decree when the assignment was made to him. "Giving to the plaintiff’s objection to the admission of the record the broadest effect, the first question is whether the defence set up by the answer was available. That defence is, in substance, that the judgment sued upon was fraudulently entered up after assurances on behalf of the plaintiff in that suit to the defendant, that no further proceedings should be taken in it without notice to him, whereby he was induced not to take steps to interpose a defence, which in point of fact he could successfully have maintained.
Relief against such a judgment, upon these facts, would have been within the power of a court of equity in this state, upon a bill filed for that purpose. (2 Story’s Eq. Jur., §§ 887, 896; Huggins v. King, 3 Barb., 616.) The Code, § 69, having abolished the distinction between actions at law and suits in equity, and the forms of all such actions as theretofore existing, an equitable defence to a civil action is now as available as a legal defence. The question now is, ought the plaintiff to recover; and anything which shows that he ought not is available to the defendant, whether it was formerly of equitable or legal cognizance.
*169 The next question is whether the record of the decree of the superior court of Connecticut was competent evidence upon that issue. Olney actually appeared by his attorney in that suit and was heard upon its merits. He was, therefore, before that court, and it had jurisdiction of his person if it had jurisdiction of the subject matter of the suit. The object of the suit was to restrain Olney from prosecuting a suit at law in the same court upon the judgment in suit here, and the grounds on which that relief was sought were the same which are set up as a defence here. The jurisdiction to restrain suits at law being one of the firmly established parts of the authority of courts of equity, and the plaintiff, in the suit which was enjoined, having undertaken to prosecute that suit in a court of law of the State of Connecticut, the only conceivable grounds for denying the equitable jurisdiction which was exercised in the case are, either that no court of equity anywhere had power to restrain a suit upon a judgment at law upon such grounds, or that a court of equity in one state has no jurisdiction to restrain such a suit upon a judgment of a court of law of another state. ¡ The first of these grounds has been already .considered and found unsound. The other rests either upon some ground of comity between states, or upon the force of the constitution and laws of the United States. The objection, so far as it is founded upon an assumed violation of the comity which exists between the several states of the United States, does not reach to the jurisdiction of the court. The rules of comity may be a restraint upon a court in the exercise ‘of an authority which it actually possesses, but it is self-imposed. (Bank of Augusta v. Earle, 13 Pet., 519.) The courts of each state must judge for themselves exclusively how far they will be restrained, and in what cases they will exercise their power, except where the constitution of the United States and the laws made in pursuance of it prescribe a rule. Where that *170 is the case, the question ceases to be one of comity and becomes one of right.
The question then remains to be considered upon the constitution and laws of the United States, and here the decisions permit of no doubt. Full faith and credit are given to the judgments of a state court, when in the courts of another state it receives the same faith and credit to which it was entitled in the state where it was pronounced. (Hampton v. McConnell, 3 Wheat., 234.)
We have then a decree of the superior court of Connecticut in a cause where they had jurisdiction of the subject matter and of the parties, and it is duly authenticated and relevant to the issue on trial. Its admissibility in evidence follows of course.
By the record of that decree it appears that the very matters in issue here wqre litigated there, and were decided adversely to Olney, whom the plaintiff represents. The determination is necessarily conclusive upon him as to all the material facts there litigated and determined.
The judgment should be affirmed with costs.
Judgment accordingly.