DAVID McGILVRAY & CO. *v.* GEORGE W. AVERY 2D.

*Effect of a judgment, rendered in another of the United States, upon a pending action in this State between the same parties and for the same cause of action.*

Although a suit is not abated by the reason of the *pendency* of another suit between the same parties and for the same cause of action in another of the United States; still a *judgment* rendered in one state by a court having jurisdiction of the suit, will operate as a merger of the cause of action and be a bar to the further prosecution of a suit in another state, between the same parties and upon the same claim.

The defendant, a citizen of New Hampshire, was sued simultaneously by the plaintiffs, both in New Hampshire and in Vermont, upon the same cause of action. In each suit the property of the defendant in the state, in which the action was brought, was attached, but the attachment in New Hampshire was subject to several prior attachments of other creditors. The plaintiffs obtained a judgment in the New Hampshire suit, which, however, had not been paid. *Held,* that the recovery of the judgment in New Hampshire, was a bar to the further prosecution of the suit in this state.

GENERAL ASSUMPSIT. The defendant pleaded, first, the general issue; second, that the plaintiffs had already, at the March Term, 1846, of the court of Common Pleas, in the county of Grafton, and state of New Hampshire, recovered judgment of the defendant upon the same cause of action as that upon which this suit was brought.

To the second plea the plaintiffs replied that they commenced the suit in New Hampshire, described in the defendant's second plea, at the same time that this suit was brought, by attaching the property of the defendant in that state subject to several prior attachments; that the judgment which they had recovered in that suit, was rendered long after the commencement of this suit, and that it was wholly unsatisfied; and that this suit was commenced by attaching the property of the defendant in this state.

To this replication the defendant demurred. The county court adjudged the replication insufficient, and rendered judgment for the defendant, to which the plaintiffs excepted.

*Batchelder, Leslie* and *Dickey,* for the plaintiffs, cited *Lindsay* v. *Larned,* 17 Mass. 190; *Hatch* v. *Spofford,* 22 Conn. 485; *Newell*

v. *Newton,* 10 Pick. 470; *Brown* v. *Joy,* 9 Johns. 221; *Walsh* v. *Durkin,* 12 Johns. 99; *Downer* v. *Garland,* 21 Vt. 362; Gould's Plead. chap. 5, 125, *Morton* v. *Webb,* 7 Vt. 123.

*Charles C. Dewey,* for the defendant, cited *Young* v. *Black,* 7 Cranch 565; *Weeks* v. *Pearson,* 5 N. H. 324; *Colt's Estate,* 4 Watts & Ser. 514; *Etheridge* v. *Osborne,* 12 Wend. 399; *Smith* v. *Whiting,* 11 Mass. 445; *Rice* v. *King,* 3 Johns. 20; *Church* v. *Leavenworth,* 4 Day 274; *Lapham* v. *Briggs,* 27 Vt. 26; *Mills* v. *Duryea,* 7 Cranch 481; *Hampton* v. *McConnell,* 3 Wheat. 234; *McElmoile* v. *Cohen,* 13 Pet. 312; *Mayhew* v. *Thatcher,* 6 Wheat. 129; *Hoxie* v. *Wright,* 2 Vt. 263; *St. Albans Bank* v. *Bush,* 4 Vt. 58; *Boston India Rubber Co.* v. *Hoit,* 14 Vt. 92; *Newcomb* v. *Peck,* 17 Vt. 309; *Dimick* v. *Brooks* 21 Vt. 569; *Hall* v. *Williams,* 6 Pick. 237; *Aldrich* v. *Kinney,* 4 Conn. 380; *Cameron* v. *Wartz,* 4 McCord 278; *Burgel* v. *McClelland,* 7 Gill & Johns. 474; *Bank of Alabama* v. *Dalton,* 9 How. 528; *Garland* v. *Tucker,* 1 Bibb 361; *Andrews* v. *Montgomery,* 19 Johns. 162; *Rangely* v. *Webster.* 11 N. H. 299; *Green* v. *Sarmiento,* 1 Peters C. C. R. 64.

The opinion of the court was delivered by

BENNETT, J. The important question raised upon the pleadings in this case, is in relation to what must be the effect of a *prior* recovery in the court of New Hampshire, upon *the same identical cause of action,* which is relied upon in this case. Was the original cause of action so merged in the judgment rendered by the court of New Hampshire, as to preclude the plaintiffs' right to recover upon it in the courts of this state, the judgment remaining unsatisfied?

The defendant, in this writ, is set up as a citizen of New Hampshire, and it is to be assumed that the court of New Hampshire had jurisdiction over the defendant, and also of the subject matter of the action. The ground assumed by the demurring party is, that the judgments of the courts of each state operate as a merger of the original cause of action, and are *conclusive* in every other state, *in all cases* where the court has jurisdiction of the cause of action, and of the parties. The plaintiffs admit this to be

the general rule, but claim that this case should constitute an exception. The material facts relied upon for this purpose, seem to be, that in the suit in New Hampshire, property was attached subject to other prior attachments ; that the judgment had not been satisfied, and that the present suit was commenced in this state long prior to the rendition of that judgment; and that upon the writ, the defendant's property in this state was attached to respond the judgment, which might be recovered. Though cases may arise where it may seem expedient (and this was probably one) for the creditor to proceed *simultaneously* in different jurisdictions to collect his debt, and though it is established, according to the current of cases, that the pendency of a suit in one state can not be pleaded in abatement of another suit subsequently commenced in another jurisdiction for the same cause of action, and between the same parties, yet it by no means follows that a judgment in the one state is to be considered in the courts of another, as of no higher obligation than a simple contract, and as not being a *merger* of the original cause of action. The constitution of the United States has declared that full faith and credit shall be given in *each state*, to the judicial proceedings of every other state, and it confers upon congress the power to prescribe the manner of proving such judicial proceedings, *and the effect thereof.* In pursuance of the power so given, congress, in their act of the 26th of May, 1799, after providing the mode for authenticating the records and judicial proceedings of the state courts, further enacted, " that the records and judicial proceedings of the state courts so authenticated, shall have such faith and credit given to them in every court within the United States, as they have, by law or usage, in the courts of the state from whence the said records are, or shall be taken."

In the case of *Mills* v. *Duryea*, 7 Cranch 481, it was claimed by counsel, that the act of congress provided only for the admission of such records *as evidence*, but did not declare *what their effect should be when admitted.* But the court considered that congress had declared what *the effect* of the record should be, by declaring that *the same faith and credit* should be given to it, as it had in the courts of the state from whence it was taken. If it had the faith and credit of *record evidence* there, it must have the same faith and credit in any state in the Union ; and it was well said by

McGilvray & Co. *v.* Avery.

Justice Story in that case, that "it remained only then to inquire in every case, what is the effect of a judgment in the state where it is rendered?" The case of *Hampton* v. *Mc Connell*, 3 Wheaton 234, Ch. J. Marshall declares to be precisely the same case as that of *Mills* v. *Duryea*; and he adds, "the doctrine there held was, that the judgment of a state court should have the *same credit, validity and effect,* in every other court in the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, *and none others,* could be pleaded in any other court in the United States." In *Lapham* v. *Briggs,* 27 Vt. 27, where an action of debt was brought, and the plaintiff, as a ground of recovery, relied upon a promissory note, executed by a firm of which the defendant was a member, and, among the defences set up to the action, was the rendition of a judgment upon this note by the courts of Massachusetts, and it was held that the plaintiff, to avoid the effect of the judgment, must show a want of jurisdiction in the court which rendered the judgment; and the court go the length of saying that a want of jurisdiction should appear upon the face of the record, according to the law of Massachusetts. That case came up upon a question of *merger,* and has a strong analogy, and in fact, it seems in principle, is *identical* with the case now at law. No one can question if a suit had been brought in New Hampshire upon the original cause of action, after a judgment has been rendered upon it, the original cause of action would have been merged in it, and the effect would have been the same if the second suit had been commenced while the first was pending. And if, by the constitution and the laws of congress, as expounded by the Supreme Court of the United States, in the case of *Mills* v. *Duryea,* and *Hampton* v. *Mc Connell,* a judgment is to have the same *validity and effect* in every court in the United States, which it had in the state in which it was rendered, we see no way in which we can escape the conclusion, that in this case the original cause of action was effectually merged in the judgment obtained in New Hampshire, and that consequently the plea in bar is an answer to the action. To hold otherwise, would be to hold that the effect of the judgment was not the same in our courts as in the courts of New Hampshire. No principle is better settled at the common law, and by the usages of courts, than the

one, that a domestic judgment is an effectual *merger* of the previous
cause of action, in the courts of the same jurisdiction.   In the case
of the *Boston India Rubber Factory* v. *Hoit*, 14 Vt. 92, a judgment
rendered in Massachusetts, was, by our own court, treated as a
*domestic judgment*, as to the subject matter of the suit, and it was
there held that assumpsit would not lie upon it; but the declaration
must be, in debt, counting upon the judgment as a debt of record.
The case of *Andrews* v. *Montgomery*, 19 Johns. 162, is to the same
effect, and the case is put upon the ground that the declaration dis-
closed the existence of an obligation, which, from necessity, super-
seded the cause of action relied upon by the plaintiff.   The case of
*McElmoile* v. *Cohen*, 13 Peters' 312–330, seems to mark the true
distinctions.    While it admits that by the constitution, and the laws
of congress, and the decisions of the court founded upon them, a
judgment of a state court is to have the same effect in every state
in the Union, as it has in the state where it was rendered ; yet it
holds that this has relation to the final determination of the contro-
versy which was the subject matter of the suit ; while every thing
which appertains to the means of its execution, or to the remedy
to which the party is entitled under it, is left open to be governed
by the *lex fori*, and hence it was held that a judgment rendered in
another state does not rank higher than a simple contract debt in the
administration of the assets of an intestate's estate, unless it is placed
in a higher rank by the laws of the state where the question arises.
The distinction between the *effect* attributed to the judgment of one
state in the courts of another, as bearing upon the subject matter
of the controversy, and that which bears upon the remedy is a sen-
sible one, and well sustained by authority ; yet, from this, it is not
to be inferred that the judgment was not a *merger* of the original
cause of action, and in the case of *Green* v. *Sarmiento*, 1 Peters
C. C. 64, a judgment had been obtained in New York, and it was
held that it excluded the operation of proceedings in bankruptcy
in the jurisdiction where the defendant resided, and where the debt
was contracted, and this upon the ground that the original contract
was merged and a new obligation created.    So in *Colt's Estate*, 4
Watts & S. 514, it was held that a debt which had passed into
judgment in another state, was no longer to be regarded as a simple
contract debt in Pennsylvania, and was entitled to a preference

under their laws, which gave a *priority* to judgments in the distribution of assets. See also *Napier* v. *Gedive*, 1 Spear's Equity, 214.

The case of the *Merchant's Bank of Baltimore* v. *the Bank of the United States*, decided by the county court of Baltimore, a court of great respectability, and published in the Pennsylvania Law Journal, Vol 1st, New Series, No. 3, page 142, does indeed hold, that a judgment obtained in Pennsylvania could not be pleaded in bar to a suit commenced by attachment upon the same original cause of action in Maryland, and between the same parties. That decision seems to have been made as a *corrollary* from the case of *McElmoile* v. *Cohen*, in the 13th Peters; but we apprehend that the court which decided that case did not intend that any such conclusion should follow.

We understand that case as putting a judgment of one state in a jurisdiction beyond the one in which the judgment was pronounced, upon the footing of a domestic judgment, so far as the merits of the claim or the subject matter of the suit is concerned; and we apprehend that a *merger* of the original cause of action, is a necessary incident of a *domestic judgment*. The judgment which, in that case, was brought into controversy, was rendered in South Carolina, and the material questions in the case were whether in an action upon that judgment in Georgia, the Georgia statute of limitations could be pleaded in bar, and whether the judgment rendered in South Carolina against the intestate in his life time, should be paid in Georgia, in preference to simple contract debts. The law of South Carolina gave a *priority* to judgments, but in Georgia all debts were to be paid in equal proportions. All that the court decided in this case, was that the *lex fori* should govern, as these questions concerned the remedy. I do not find an intimation in the case, but what the effect of the judgment in South Carolina on the original cause of action, is to be that of a domestic judgment, within its own jurisdiction, and we are constrained to the opinion that the case in the Baltimore court is unsound and incompatible with the position that the *effect* of a judgment is to be *the same* in other states, as it is where rendered.

It has been argued with great plausibility, that the decision which we now make, will, in effect, render the attachment of the property nugatory, and the commencement of the suit in this juris-

diction unavailing to the plaintiff, and that as the pendency of a suit in New Hampshire could not be pleaded in abatement of a suit subsequently commenced in this state upon the same cause of action, the plaintiff should be allowed to have the full benefit of his attachment in this state, as a means of collecting his debt, and that this can only be secured to him by holding that the judgment in New Hampshire is not to be treated in our courts, as a *merger* of the original cause of action. Though the argument *ab inconvenienti*, is entitled to consideration, yet it can not have a controlling influence. The law of congress, as expounded by the United States court, having enacted that *the effect* of a judgment shall be *the same* in the several states, which it is in the state where rendered, puts the judgment, so far as this question is concerned, strictly on the ground of domestic judgments, and its plain meaning can can not be avoided by any argument, *ab inconvenienti.*

It is a rule of the *English* courts, that the pendency of a suit in a foreign court, by the same plaintiff against the same defendant, for the same cause of action, can not be used *to abate* or bar a suit between the same parties and for the same cause of action instituted in their own courts. The same rule has been adopted in this country, in relation to suits instituted in the courts of our sister states.

See *Bowen et al* v. *Joy*, 9 Johnson 222; *Walsh* v. *Durkin*, 12 Johnson, 100; *Hatch* v. *Spafford*, 22 Connecticut 485.

The cases seem to assume the ground, that as to a question of this kind, the courts of the different states are to be placed upon the footing of foreign courts in their relations to one another, and that when congress prescribed " that the records and judicial proceedings of the state courts shall have such faith and credit given to them in every court within the United States, as they have by law or usage, in the courts of the state from whence the said records are, or shall be taken;" it did not intend to affect the relations of the state courts towards one another, as to their proceedings *anterior* to a final judgment. The case of *Newell* v. *Newton*, 10 Pick. 470, was decided upon the ground that the plea in abatement was bad, it not averring that the court in which the suit was pending had jurisdiction, and the point is left undecided as to what would have been the decision, had the plea not been defective in

that particular. If the question was *res integra*, it might well be inquired whether it would not have been more consistent with the constitution, the laws of congress, and the decisions of the United States courts, to have regarded the proceedings of a judicial tribunal of a sister state, anterior to a judgment on the merits, *in effect the same*, as would have been a like proceeding in the same state in which the question was raised. But be this question as it may, upon principle or precedent it can in no way be decisive of the question before us. In the case of *Bowen et al* v. *Joy*, 9 Johns. 221, the court do not intimate an opinion that a recovery in one suit could not be pleaded *puis darrein continuance*, as a bar to the other suit. What is said is only by way of supposition, and they add, " if this should not be·allowed, and the two suits should proceed, *pari passu*, to judgment and execution, the satisfaction of one judgment might be shown to discharge the other." But we apprehend that the recovery in one suit must be a bar to the other suit pending in a sister state, and the plaintiff, in such cases, must be put to his election, in which he will proceed to final judgment.

The judgment of the county court is affirmed, with costs.