## LEWIS P. CHILD *v.* THE EUREKA POWDER WORKS.

Where the plaintiff, during the pendency of his action, had recovered a judgment against the defendants in another State for the same cause of action, an agreement in due form between the parties, made several terms after the recovery of that judgment, and after the general issue had been pleaded, that the defendants may file a plea setting forth the judgment recovered, "without prejudice to the legal rights of the parties," in bar of the further maintenance of the action, without costs, setting forth the plaintiff's objection to "the reception of this plea from the defendants," and stating that the counsel for the defendants appear for subsequent attaching creditors and the assignee of the defendant corporation, and agreeing that the question, whether this judgment so recovered can avail the defendants, be reserved for decision, is a waiver of any objection on account of the time when the plea is offered, if it is duly filed according to the agreement.

Subsequent attaching creditors and the assignee of the defendant upon the record, having been admitted to defend in his name, may plead a former recovery by the plaintiff, where the defendant could have pleaded such recovery as a defence.

In assumpsit a judgment for the same cause of action rendered in the Supreme Court of New York, during the pendency of the plaintiff's action here, may be pleaded in bar of the further maintenance of the action; and it is not a sufficient replication to such plea, that the plaintiff in his action here had caused the defendant's property to be attached, and that the defendant's property in either State alone was insufficient to satisfy the amount due the plaintiff upon the cause of action set forth in his declaration.

IN this action at the September Term, 1863, the parties made the following agreement:

"In the above cause the plaintiff may amend his specification in the description of the note referred to in the auditor's report as numbered 357, without costs, and the objection to the allowance thereof is withdrawn. The defendants may file a plea setting forth the judgment recovered in New York, without prejudice to the legal rights of the parties, in bar of the further maintenance of this action on notes described in the auditor's report as numbered 323, 341, 347, 350, 360 and 362, (which judgment it is agreed was recovered for the sum of $16.300 debt, and $74.30 of costs, as set forth in said plea, upon which judgment $12,-663.75 has been paid,) also without costs. The plaintiff objects to the reception of this plea from the defendants and also to its sufficiency in law if received.

The counsel, who appear for the defendants in this cause, appear for creditors, some of whom have made subsequent attachments, and also defend for the company in the name of the assignee, with his assent and authority, having given him a bond to indemnify him against costs.

The question, whether or not the said judgment recovered in New

York can avail the defendants, is to be transferred and such judgment to be entered in this case on the auditor's report after the decision of the above question as may seem proper."

The former case reserved in this action, (44 N. H. 354,) and the auditor's report are made a part of this case.

*Wheeler & Hall*, for plaintiffs.

*Hazleton*, *Choate* and *Christie*, for defendants.

BARTLETT, J. * The agreement provides that the defendants may file a plea setting forth the judgment recovered in New York, "without prejudice to the legal rights of the parties," in bar of the further maintenance, &c., without costs. The general issue had already been pleaded, and, besides, this special plea was not offered at the next term after the recovery of the judgment; so that the phrase "without prejudice to the legal rights of the parties," could hardly have been intended to save an objection to the plea as out of due time, for its reception or rejection was a matter not of legal right, but within the discretion of the court. *Rangely* v. *Webster*, 11 N. H. 303. A further examination shows, we think, that the expression had reference to the question of the right of the parties defending here to plead such matter at all; and the plaintiff's objection to "the reception of this plea from the defendants," immediately followed as it is by a statement of who the parties defending are, tends strongly to confirm this view. The last paragraph of the agreement, which states the question reserved, seems to us decisive; for the only question there stated is, "whether or not the said judgment recovered in New York can avail the defendants." The language of the first part of the agreement, though not very explicit, seems not particularly appropriate, if the only object had been, as the plaintiff now contends, to waive any claim for costs if the plea should be received, while if that had been the sole purpose, it would seem easier to have expressed it directly than to have involved it in such language. It is not objected that the defendants have, since the agreement was made, been guilty of any laches as to the filing of the plea; and upon consideration of the terms of the whole agreement and of the object and purpose shown by them, we think that the agreement is to be regarded as a waiver of any objection on account of the time when this plea is offered, as it is in due season under the agreement; and as the parties have been content to agree that the plea may be received without objection on this score, we see no reason to interfere with their arrangement.

The Eureka Powder Works would have been entitled, as of right, to plead this judgment recovered, at the term next succeeding its recovery, if it would have availed them as a defence, Stephen's Pl. *64, 1 Chit. Pl. 657, *Stevens* v. *Thompson*, 15 N. H. 410; and we see nothing in the fact that this plea is offered in the name of the Eureka Powder Works by the parties here defending, to cause its rejection, for the ad-

*Perley, C. J., having been of counsel, did not sit.

mission of such parties "has no effect upon the rules or principles which govern the case ; it still remains the action of the original plaintiff against the original defendant, and the case still proceeds, and is to be tried upon the same rules and principles, as it would do if no third person had interfered." *Carlton* v. *Patterson*, 29 N. H. 586. The question before us is not, whether in the exercise of our discretion we would admit such parties to defend for the sole purpose of pleading a plea like that in question, for these parties have already appeared and are defending ; nor whether in our discretion we would receive such a plea offered by such parties after the term at which it should have been pleaded, for by the agreement the plaintiff has waived all objection on this ground. However technical the defence set up by this plea may be, still, if available at all, it is not mere matter in abatement as in *Kimball* v. *Wellington*, 20 N. H. 439, and *Reynolds* v. *Damrell*, 19 N. H. 397. In the first of those cases a subsequent attaching creditor offered a plea in abatement, but not within the time required by our rule, and the court, in its discretion, refused to relieve him from the operation of the rule. In *Reynolds* v. *Damrell*, the court, in the exercise of its discretion, denied a motion made by a subsequent attaching creditor to quash the plaintiff's writ for want of a proper teste, and allowed the error in the writ to be corrected by amendment. As the plaintiffs have waived their objection on account of the time when the plea is offered, we think that these parties, having been allowed to appear, may set up the defence stated in the plea, if it is such a defence as would have availed the Eureka Powder Works. See *Blaisdell* v. *Ladd*, 14 N. H. 130. The further questions suggested may be more advantageously considered, when they are regularly raised upon the pleadings.

---

Subsequently the plaintiffs made several replications to the plea of the judgment recovered, alleging in substance :  That, upon the writ in the present suit, an attachment of the defendants' property in this State had been made and was still in full force ; that the property so attached was all the property of the defendants in this State that could be attached for the security of the amount justly due upon the plaintiff's claims declared on in this suit, and that it was insufficient for this purpose ; that thereupon, to obtain further necessary security, the plaintiff brought his suit in New York, causing an attachment of the defendants' property there to be made, and recovered the said judgment, and caused all the proceeds of the property attached in that suit to be duly applied in part satisfaction of the execution issued upon said judgment ; that there was no other property of the defendants in the State of New York, that could be taken or applied towards the satisfaction of the balance of said 'judgment and debt, which still remains due and unsatisfied.

The defendants demurred to the replications.

*Christie* (with whom were *Hazleton* and *Choate*,) for the defendants, cited *Rogers* v. *Odell*, 39 N. H. 452.

*Wheeler & Hall*, for the plaintiff, cited *Kittredge* v. *Warren*, 14 N. H. 509; *Kittredge* v. *Emerson*, 15 N. H. 227; *Thurber* v. *Blackbourne*, 1 N. H. 242; *Mills* v. *Duryee*, 7 Cranch, 481; *McElmoyle* v. *Cohen*, 13 Peters, 324; *Hampton* v. *McConnell*, 3 Wheat. 234; *Goodall* v. *Marshall*, 11 N. H. 88; *Wood* v. *Gamble*, 11 Cush. 8; *Lyman* v. *Brown*, 2 Curtis, 559; *Whittier* v. *Wendell*, 7 N. H. 257; *Rogers* v. *Odell*, 39 N. H. 419; *Kitchen* v. *Campbell*, 3 Wils. 308.

BARTLETT, J.  In the recent case of *Rogers* v. *Odell*, 39 N. H. 457, it was held that a judgment recovered in Massachusetts upon a simple contract debt, operated as a merger of the simple contract debt, and could be pleaded in bar of the further maintenance of an action of assumpsit pending here upon the same original cause of action.  To this doctrine the plaintiff has suggested no objections that were not before the court in the decision of that case, and we must regard it as settling the law in this State upon those questions.  See also *Rogers* v. *Odell*, 39 N. H. 419.

We think that the plaintiff has failed to show any legal ground upon which it should be held that the mere facts of the attachment of the debtor's property in the suit here, and the insufficiency of his property in either State alone to satisfy the debt due the plaintiff, should prevent the judgment in New York from operating as a merger of these notes.  Although the question in *Bank of the United States* v. *Merchants' Bank*, 7 Gill 415, was on the sufficiency of the plea, yet the case shows the existence of a state of facts similar to that in the present case, and it is noticeable that no suggestion is there made of any such exception to the rule as the plaintiff here claims; and no authority for such an exception is now produced by the plaintiff.

So far as the debtor is concerned, the doctrine of *Rogers* v. *Odell* does not in law exempt his property from liability for his debts in either jurisdiction, for a suit may be maintained upon the New York judgment, and the debtor's property reached as in other cases; and it is by no means clear, that, where the question arises between two creditors, any real hardship exists in a rule, that may operate to prevent one creditor from appropriating all the debtor's property in several States to the discharge of his own debt, to the exclusion of all other creditors, especially as in any case he may elect in which jurisdiction he will take judgment. But if there be any such hardship, we think it is a matter for the consideration of the proper legislative power rather than of the court.  There must be

*Judgment for the defendants on the demurrer.*