McIlvaine, J.
The main proposition submitted in this-case is, whether, under and by virtue of the decree of the-Circuit Court of Kentucky and the master’s deed made in pursuance thereof, or of either of them, such an estate or right was vested in John Evans as entitles the defendant, who has succeeded to all the rights of Evans, to the pos- ■ session of the lands in controversy, as against the plaintiffs, whose claim of title is derived from the parties against whom the decree was rendered.
1. The jurisdiction of the Circuit Court to pronounce the decree, is the first inquiry involved iu this proposition.
It appears from the record before us, that the Circuit Court of Kentucky which pronounced the decree, was a court of general equity jurisdiction; that some of the defendants in the cause were properly served with the process of the court, and that all others voluntarily appeared and” (submitted themselves to its jurisdiction, and- that the sub- *478 ject-matter of the bill on which the decree was rendered, was the enforcement of a trust and the specific performance of a contract to convey lands situate in the State of Ohio.
That couxfis exercising chancery powers in one state have jurisdiction to enforce a trust, and to compel the specific performance of a contract in relation to lands situate in another state, after having obtained jurisdiction of the persons of those upon whom the obligation rests, is a doctrine fully settled by numex’ous decisions. Penn v. Lord Baltimore, 1 Ves. 444; Massie v. Watts, 6 Cranch, 148; Penn v. Hayward, 14 Ohio St. 302, and cases therein cited.
2. It does not follow, however, that a court having power to compel the parties before it to convey lands situated in another state, may make its own decree to operate as such conveyance. Indeed, it is well settled that the decree of such court can not operate to transfer title to lands situate in a foreign jurisdiction. And this, for the reason that a judgment or decree in rem can not operate beyoxxd the limits of the jurisdictioxx or state whex’ein it is x’endex’ed. And if a decree in such case can not effect the transfer of the title to such lands, it is clear that a deed executed by a master, under the direction of the court, eaxi have no greater effect. Watts v. Waddle et al., 6 Pet. 389; Page v. McKee, 3 W. P. D. Bush, 135. The master’s deed to Evans must therefore be regarded as a nullity.
The next inquiry then is as to the force and effect of the decree rendered by the Circuit Court directing the heirs of Gen. Scott to convey the land in Ohio to Evans. This decree was in personam, and bound the consciences of those against whom it was rendered. In it, the contract of their ancestor to make the conveyance was merged. The fact that the title which had descended to them was held by them in trust for Evans, was thus established by the decree of a court of competent jurisdiction. Such decree is recox’d evidence of that' fact, and also of thé fact that it become an d was their duty to convey the legal title to him. The performance of that duty might have been enforced against them in that court by attachment as for contempt; and* the fact *479 that the conveyance was not made iñ pursuance of the -order, does not affect the validity of the decree in so far as it determined the equitable rights of the parties in the land in controversy. In our judgment, the parties, and those holding under them with notice, are still bound thereby.
3. Under our code of practice, equitable as well as legal defenses may be set up in an action for the recovery of land. The defendant in the court below set up this decree of the Circuit Court of Kentucky as a defense to the plaintiffs’ action. That it did not constitute a good defense at law may be admitted, but we think, in equity, it was a sufficient defense.
The constitution of the United States declares that full faith and credit shall be given in each.state to the records and judicial proceedings of every other state, and provides that Congress may prescribe the mode of proving such records and preeeedings, and the effect thereof. By an act of May 26, 1790, Congress declared that the “ records and judicial proceedings of the state courts,” when properly authenticated, “shall have the same faith and credit given to them in every court within the United States, as they have, by law or usage, in the courts.of the state from whence they are or shall be taken.” When, therefore, a decree rendered by a court in a sister state, having jurisdiction of the parties and of the subject-matter, is offered as evidence, or pleaded as the foundation of a right, in any action in the courts of this state, it is entitled to the same force and effect which it had in the state where it was pronounced. Mills v. Duryea, 7 Cranch, 481; Hampton v. McConnell, 3 Wheat. 234; McGilvray & Co. v. Avery, 30 Vermont, 538. That this decree had the effect in Kentucky of determining the equities of the parties to the land in this state, we have already shown; hence the courts of this state must accord to it the same .effect. True, the courts of this state can not enforce the performance of that decree, by compelling _ the conveyance through its process of attachment; but when pleaded in our courts as a cause of action, or as a ground of defense, it must be regarded as *480 conclusive of all the rights and equities which were adjudicated and settled therein, unless itbe impeached for fraud. See cases supra; also, Davis v. Headley, 22 N. 115; Brown v. L. &. D. R. R. Co., 2 Beasley Eq. (N.) 191; Dobson v. Pearce, 2 Kernan, 156; U. S. Bank v. Bank of Baltimore, 7 Gill, 415.

Motion overruled.

Bat, C. J., White and Rex, JJ., concurring. Welch, J., not sitting.