Judge Roland L. Belsome
This appeal challenges the ruling to give full faith and credit to two judgments rendered by the United States District Court for the Western District of Washington (Federal District Court). For the reasons that follow, we affirm.
The Appellee, Greenfield Advisors, LLC (Greenfield) is a Seattle-based company. The Appellants contracted with Greenfield to provide consulting services for various legal cases.[1] Greenfield maintained that pursuant to the service contract entered into by the parties the fees owed for the consulting work was approximately $700,000.00. The Appellants only paid a portion of that amount and Greenfield filed suit in King County, Washington and the Appellants removed the case to the Federal *514 District Court. Then, the Appellants filed a motion to dismiss, disputing jurisdiction and service. The motion was denied. At that time, the Appellants moved to compel arbitration pursuant to the arbitration clause in the service contract.
The arbitrator awarded Greenfield $331,316.48, plus pre-award interest of $163,514.79, and post-award interest at 18%. Greenfield filed a motion with the Federal District Court to confirm the award. The Appellants again raised a jurisdictional argument that was denied and the Federal District Court confirmed the award and rendered judgment.[2] The Appellants have filed an appeal of those judgments in the United States Ninth Circuit Court of Appeal. No bond was posted to stay the enforcement of the judgments.
Next, Greenfield filed an Ex-Parte Petition to Make Foreign Judgments Executory in Civil District Court for the Parish of Orleans (State District Court) pursuant to the Uniform Enforcement of Foreign Judgments Act, La. R.S. 13:4241 et seq. In response to the Petition, the Appellants filed several exceptions and a motion requesting the State District Court to deny full faith and credit of the Federal District Court judgments. The State District Court held a hearing on the Appellants' exceptions, motion to deny full faith and credit, and Greenfield's petition to make the judgments executory. After hearing the arguments of the parties, the State District Court denied the exceptions, denied the Appellants' motion and granted full faith and credit to the judgments. This appeal followed.
On appeal, the Appellants argue that the State District Court erred in giving full faith and credit to the judgments rendered by the Federal District Court because the Federal District Court lacked subject matter and personal jurisdiction. The Appellants further maintain that the State District Court was required to address the merits of the jurisdictional argument prior to granting full faith and credit to the judgments. We disagree.
It is well settled that the Full Faith and Credit Clause, Article IV, Section 1, of the Constitution of the United States, mandates that judgments have the same credit, validity, and effect in every other state of the United States that it has in the state where it is pronounced.[3] However, the Full Faith and Credit Clause further directs that full faith and credit only be afforded to judgments rendered by a court that had jurisdiction over the subject matter and the person.[4] The Louisiana Supreme Court discussed this issue in Schultz v. Doyle.[5] In Schultz, Gayle Shultz filed suit in a Texas court and secured a money judgment against Louisiana residents Mr. and Mrs. Doyle. Ms. Schultz then sought to have the judgment made executory in Louisiana.[6] The Doyles opposed the judgment being given full faith and credit in Louisiana based on their contention that the Texas court lacked personal jurisdiction. However, the Doyles had hired an attorney to defend the Texas suit. That attorney filed a pleading to challenge jurisdiction but later withdrew that pleading and filed an answer to the suit. The court reasoned that through those actions the Doyles had waived their objection *515 to personal jurisdiction and thus, the issue was res judicata to Louisiana courts. Therefore, the Texas judgment had to be accorded full faith and credit in Louisiana. In reaching its conclusion, the Court stated that the Doyles had the option to ignore the Texas proceeding, risk a default judgment, and then challenge the jurisdictional issue in Louisiana. But, once the Doyles submitted to the jurisdiction of the Texas court, the jurisdictional issue became res judicata in any further proceedings.
Although the Appellants insist that Schultz requires a hearing on the merits of the foreign court's jurisdiction or lack thereof, the inquiry that is required is merely a determination " 'that those questions [as to jurisdiction] have been fully and fairly litigated and finally decided in the court which rendered the original judgment." '[7] The record before the State District Court provided the procedural history in this case which indicated that the Appellants raised the jurisdictional issue in the Federal District Court on more than one occasion. In each challenge the Federal District Court rejected the Appellants' argument. The record also indicates that the Appellants have appealed the Federal District Court's ruling on the issue of jurisdiction. The State District Court, recognizing that the jurisdictional issue had been litigated and is presently on appeal, correctly found that those decisions are res judicata on the issue. For that reason, the State District Court's ruling that the judgments against the Appellants were entitled to full faith and credit in this state is affirmed.
AFFIRMED

The Appellants are Camilo Salas, III and his law firm Salas & Co., L.C. Although Mr. Salas argues that he did not enter into any agreement with Greenfield in his individual capacity, he is named in the judgment.

There was also a judgment entered for attorneys' fees in the amount of $12,000.00.

Schultz v. Doyle, 00-926, p. 9 (La. 1/17/01), 776 So.2d 1158, 1164 (citing Hampton v. McConnel, 16 U.S. (3 Wheat.) 234, 4 L.Ed. 378 (1818).

Schultz, p. 10, 776 So.2d at 1164.

Schultz, supra

The trial court and the court of appeal denied giving full faith and credit to the judgment. The Louisiana Supreme Court granted a writ of certiorari and reversed.

Schultz, p. 10, 776 So.2d at 1164 (citing Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963) ).