Wood, C. J.
By the pleadings in this case, it is admitted, that the -only service in the action, upon the record of which this suit is brought, was by seizing the lands of the defendant. It is not claimed that any personal notice was ever given to’the defendant. Is the record of a judgment obtained by means of such service in Pennsylvania, prima facie evidence of debt in Ohio ? If so, the plea is no answer to the declaration : the replication is sufficient, and the demurrer should be overruled. But, if not, the defendant is entitled to judgment, on this issue of law. To acquire jurisdiction over the person of an individual, it is necessary that he should be, or, at least, have been within the territorial limits of the sovereignty, or no judgment can be rendered against him which will bind him personally. This is not only a principle of common law, but such service must be made that a defendant may have his day in court. “ Strike, but hear me,” is the spirit of the rule, and if any exception intervene, it is the creature of positive legislative provision. Property within the territorial limits of a sovereignty, will, in like manner, confer jurisdiction over it, and where service is made upon it, the judgment rendered will bind it, but beyond this, it is of no validity, and cannot be enforced against the debtor — certainly not, in the absence of statutory provision. In Pelton v. Platner, 13 Ohio Rep. 218, this Court has said, that execution cannot be issued by a justice of the peace and levied on other property than that attached, when the suit is commenced in that way, nor can execution issue ón such judgment against the person, nor is such judgment prima facie evidence of debt — and the reason is, that when the judgment has converted the property, it is functus officio for every other purpose. Idem. — But where service is made on property only, and judgment is rendered in a court of record, the statute of Ohio provides for the issuing of execution against *43 the defendant for any balance due after exhausting the property. If, however, the debtor had never been within the territorial limits of Ohio, before the rendition of such judgment, it is worthy of the most serious consideration whether, by the force of this statute, execution could be issued against him personally. The decision oí this question is, however, not necessarily involved in this case.
If this record of the Pennsylvania judgment is prima facie evidence of debt in this State, it is because it is so in Pennsylvania. The law is well settled, at this day, that the judgments of our sister States must have the same faith, credit, validity, force and effect in every other State that they have, by law or usage, in the State where they are rendered, and that whatever pleas would be good to a suit thereon in such State, and none others, could be pleaded in any court in the United States, (3 Wheat. Rep. 234 ; 13 Peter’s Rep. 324,) though execution can only issue in the State wherein the judgment is pronounced; 13 Peter’s Rep. 225. The Supreme Court of Pennsylvania have, however, recently held, that a judgment in foreign attachment, affecting to bind not only the property attached, but the persons of defendants not citizens of the State, nor within its precincts at the time, is to be treated as a nullity by a court in another State, which is called on to enforce it by action^ though it would bind the persons of the defendants in the courts and by the laws of the State in which it was rendered; Law Reporter for Feb. 1846, 471. In Ohio, as the law now stands, though such a judgment would bé held, prima facie, valid, the counsel for the plaintiff have totally failed to show us that the judgment in question binds any thing in Pennsylvania beyond the property attached.. Of the statutes of other States we do. not take judicial notice. They must be proved, and if any such effect as is claimed is given to the judgment in question, where it was pronounced, the counsel for the plaintiff have entirely failed to show it.
Nothing of the kind is evidenced by the reports of that State that we are able to find, and, in our view, it would be a most unwarrantable assumption to presume it.
*44 The statute of Pennsylvania provides only, in such case of attachment, that the defendant may appear and make defence, an(j jn caS(3) that is, when he appears, submits to the jurisdiction and has his day in court, the -judgment rendered shall have the same effect as if the suit was commenced by summons. Purden’s Dig. 437. It is silent as to the effect when the defendent has no notice of the attachment; until after judgment rendered,- and before which period the defendant had not been within the jurisdiction of the court. , ■
There appears to us, therefore, no áuthority for saying that this judgment is of any validity where pronounced, beyond the conversion of the property seized, and ought not to be considered as prima facie evidence of debt in this State;

Demurrer sustained.