McIlvaine, J.
In Gaylor v. Hunt, 23 Ohio St. 255, it was decided “that the neglect of a justice of the peace to issue an execution when required by law, is the breach of a ministerial duty for which an action may be maintained by the judgment creditor on his official bond. The measure of damages is not necessarily the amount for which the execution should have issued, but the loss suffered by the creditor from the neglect.” And in speaking of the measure of damages, it is said in the opinion: “ If the judgment debtor be insolvent, and thus the issuing of the execution could not have benefited the creditor, no more than nominal damages would be recoverable, in the absence of malice or corrupt motive.”
In Hootman v. Shriner, 15 Ohio St. 43, which was an action against a sheriff for the escape of a party under arrest in a’ civil action, the following propositions were laid down :
“ 1. On proving the judgment, arrest and escape, the plaintiff is, prima facie, 'entitled to recover the whole amount of his debt.
*419 “ 2. To reduce tlie recovery below the amount of the debt due from the escaping prisoner, the onus probamdi rests upon the defendant.
“ 3. For this purpose the defendant may not show that the amount of the debt is still capable of being collected from the escaped prisoner; but may show his partial or total insolvency or pecuniary worthlessness at the time of the escape.
“4. That on proving judgment, arrest and escape, the plaintiff, in all cases, is entitled to recover at least nominal damages.”
The principles of this case apply to the case before us ; so that, the neglect of the justice to issue execution as required by law being admitted, the plaintiff below was prima facie entitled to cover the whole amount of his judgment, to wit: $101.90 and interest; and the burden of showing that the judgment debtor was partially or totally insolvent, by way of mitigating damages, rested on the defendants. The sole question now under consideration relates to the pucmi/um of damages.
The facts specially found by the court of common pleas show that the judgment debtor was possessed of no property subject to levy and sale on execution, at the time of the breach of the bond, except certain goods employed in the debtor’s business, of the value of $50, and that these goods might have been exempted under the 8th section of the Homestead act. This section, as amended in 1873 (70 Ohio L. 51), provides “ that it shall be lawful for any resident of Ohio, being the head of a family and not the owner of a homestead, to hold exempt from levy,and sale as aforesaid, personal or real property, to be selected by such person, his wife, agent or attorney, at any time before sale, not exceeding $500 in value.”
Before property is exempted from levy- and sale under this section, it must be first selected, &c. No such selection is shown in this case. The defendants, therefore, having failed to show that this property was, in fact, exempt from levy and sale on plaintiff’s execution, have failed, to the extent of its value, to defeat the plaintiff’s prima tfacie right to recover.
*420 It is suggested that the findings of fact by the court below are defective, that it should have been found definitively whether this property was subject to execution, or was exempt. Admitting this to be true, the plaintiffs in error, having made no objection to the findings at the time, cannot object now, but must submit to such judgment as the facts found (in connection with admissions by the pleadings), required. 31 Oal. 591; 2 Nevada, 47. But if the ultimate fact had been found against plaintiffs in error, the question of difficulty would only have been shifted. The question then would have been, was the fact as found supported by the evidence % instead of, is the judgment supported by the facts found ?
The contention on behalf of ¡plaintiffs in error is, admitting that the judgment debtor did not select this property to hold exempt from levy and sale, in lieu of a homestead, for the reason that no execution was issued and no opportunity was afforded him to make the selection and claim the exemption, therefore, the law will presume that he would have made the selection and claimed the exemption if an execution had issued.
If such conclusion be regarded as a mere inference of fact, such as a jury or the court, as a trier of facts, might have drawn from the circumstances, it cannot avail the plaintiffs in error, as no such fact was found by inference or otherwise. As a mere matter of law we think it cannot be maintained. It is inconsistent with the legal presumption heretofore stated, to wit: that upon a breach of such a bond being shown, the law presumes the loss of the plaintiff to be the whole amount of his judgment. Nor is it sustained by sound reason. It is the duty of every man to pay his debts to the full extent that he has the ability to do so. And where a statute gives a. debtor the privilege to select and claim ceitain property as exempt from execution, the law will not presume that he will prefer the privilege to the duty. In Conley v. Chilcote, 25 Ohio St. 320, it was held that this right to hold property exempt from execution under this section, was simply a personal privilege, to be asserted or not at the will of the person in whose favor the right existed; and that, in an action against a *421 garnishee who had paid money attached, to the debtor after notice of garnishment, it was not an available defence to show that the defendant in attachment might have held the money attached under the exemption laws of the state.
On the whole case, a majority of the court are of opinion, that there is no error in the judgment of the district court.

Judgment affirmed.