JOHN JOHNSON *vs.* JAMES FORAN, JAMES DELANEY and MARY DELANEY, trading as JAMES FORAN & Co.

*Attachment—Fieri facias—Former Sheriff—Acting Sheriff— Fieri facias quashed.*

On the 20th of April, 1869, an attachment on warrant was issued from the Baltimore City Court, against the goods and chattels, lands, &c., of F., *et al.*   The attachment was duly laid, and the writ with a schedule of the property attached was returned, and a judgment of condemnation was entered.   D. was then sheriff of Baltimore City and laid the attachment and made the return.   On the 9th of April, 1881, a *fieri facias* was issued on the judgment directed to D., who was not then sheriff.   Motion was made to quash the writ of *fieri facias* upon the ground that it should have been issued to the acting sheriff of Baltimore City, and not to D., the former sheriff.   The acting sheriff was in nowise disqualified to execute the writ, and there was no law by virtue of which such writ could be directed to another officer.   HELD:

That the *fieri facias* should have been directed to the acting sheriff, and the motion to quash the same must therefore prevail.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of this Court. The appeal was taken from the action of the Court below, quashing the writ of *fieri facias.*

*William H. Cowan,* for the appellant.

*John T. McGlone,* for the appellee, Foran.

STONE, J.; delivered the opinion of the Court.

The appellant caused to be issued from the Baltimore City Court on the 20th day of April, 1869, an attachment on warrant against the goods and chattels, lands, &c., of James Foran and others, the appellees, as non-resident debtors. This attachment was duly laid upon certain real estate in the City of Baltimore, and the writ with a schedule of the property attached was returned to the Court from whence the attachment issued and a judgment of condemnation entered. John W. Davis was then sheriff of Baltimore City, and laid the attachment and made the return. The judgment appears to have slept until April 9th, 1881, when a *fieri facias* was issued thereon, directed to John W. Davis, the former sheriff, who had laid the attachment, but who was no longer in office. A motion was made in the Court below by the appellee, Foran, to quash this execution upon the ground that the writ of *fi. fa.* should have been issued to the acting sheriff of Baltimore City, and not to the former sheriff. The Court below granted this motion and quashed the execution, and the correctness of this ruling is the question presented for decision on this appeal. The Code, Article 88, sec. 8, provides that "all writs and process shall be directed to the sheriff, unless he is disqualified, or unless where by law the writ or process may be directed to another officer."

Such being the provisions of the Code, the writ of *fi. fa.* in this case must go to the acting sheriff unless he is dis-

qualified, or unless by law the writ may be directed to another officer.

There is no evidence that the acting sheriff was in any manner disqualified to execute this writ, and there is no statute or common law in force in this State, by virtue of which such an execution may be directed to another officer.

By sec. 9, Article 88 of the Code, it is provided that the sheriff "shall serve and return all writs and process directed to him according to the *command contained therein.*"

The writ of attachment in this case commanded the then sheriff, John W. Davis, to attach the lands, &c., of James Foran & Co., to the value of five hundred dollars, with interest and costs, and to notify the persons in whose hands the attachment was laid, to appear and show cause why condemnation and execution thereof should not be had, &c.

By his return endorsed on the writ the sheriff, Davis, appears to have executed this writ *fully*, according to the command therein contained, and he had nothing more to do as far as that writ was concerned.

This case is entirely unlike the case of a *venditioni exponas* where the sheriff has actually in part executed a *fi. fa.* by a levy, but has left a part of the mandate of the writ unexecuted by not making a sale. The sheriff in this case when he returned the writ as attached, and the garnishee summoned did *all* that the writ commanded him to do. The writ of *fi. fa.* issued afterward, is a new and distinct writ, and should go to the acting sheriff as any other execution.

An attachment on warrant is in the main a proceeding to compel an appearance, and is not an execution. A trial may and often does intervene between the return of the attachment and the issue of an execution, and the sheriff who served the attachment can in no sense be said to have

begun an execution, as the execution does not necessarily follow the laying the attachment.

In the case cited at bar, *American Ex. Bank vs. The Morris Canal Co.,* 6 *Hill,* 368, the Court seems to have based their decision upon the statute of New York, while in *Crane vs. Hardy,* 1 *Mich.,* 56, in a case like the one before us, the Supreme Court of Michigan decided that the execution should go to the acting sheriff, as there was nothing in the statute or other law of that State requiring it to go to the former sheriff.

*Judgment affirmed.*

(Decided 6th March, 1882.)