## COTTON V. ATKINSON.

Decided March 29, 1890.

1.  *When liability of sheriff for failure to sell attached property accrues.*

    No liability accrues for failure of a sheriff to sell attached property in his possession condemned by order of court to be sold, until a legal demand has been made for an execution of the order.

2.  *Sheriff's term expiring—Special execution—To whom directed.*

    After the expiration of the term of office of a sheriff who attached certain property, a special execution under an order of condemnation thereof is improperly issued to him; he is not authorized to execute it, nor is his endorsement thereon an official return.

3.  *Failure of sheriff to keep property attached—Presumption.*

    In an action on a sheriff's bond for failure to keep property attached to satisfy plaintiff's judgment, it is sufficient to allege such neglect and the value of the property; the law presumes *prima facie* that the debt was thereby lost.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

R. B. RUTHERFORD, Judge.

Action in the name of the State, for the use of Cotton & Perry, against Atkinson and others, sureties on the official bond of H. J. Falconer, deceased, late sheriff of Sebastian county, to recover damages (1) for the neglect or failure of said sheriff to sell certain attached property seized by him under process and condemned by order of court to be sold; and (2) for the failure of such officer to safely keep such property. The complaint in substance alleged that, after the expiration of the term of office of said Falconer, a *venditioni exponas* was issued by the clerk, directed to said ex-sheriff commanding him to sell such attached property, and that the order was returned unexecuted, as the endorsement shows "because the custodian to whom the property named herei

had been delivered by order of plaintiffs' attorneys, had, before the date of said writ, removed the said property out of the State of Arkansas and into the Indian Territory, where the same then was.'' It then alleged that so much of said return as stated that said property had been delivered to the custodian by order of plaintiffs' attorneys was false.

The court sustained a demurrer to the complaint.

Plaintiffs appealed.

*Robert Toomer* for appellant.

The complaint, while perhaps unnecessarily lengthy and its allegations not as direct as they might have been, states a good cause of action. Matters defectively stated may be corrected by motion, but not by demurrer. 31 Ark., 379; 32 Ark., 131; 49 Ark., 277.

*Clendening & Read* for appellees.

Appellant does not show that notice of the order of sale was called to the attention of the sheriff, or that he was requested to execute it. He should have been furnished with a copy of the order.

The plaintiffs are concluded by the sheriff's return, it being *prima facie* true, except when directly attacked. Gwynne on Sheriffs, p. 473. See also Drake, Att., sec. 303; 21 Me., 558.

PER CURIAM. It is difficult to ascertain from the complaint what the pleader intended to allege as a breach of the bond. If it be that the sheriff failed to sell the attached property in obedience to the order of condemnation, it is no breach. The sheriff would not be in default in failing to sell the condemned property until a legal demand has been made upon him for the execution of the order of condemnation— as by delivery to him of a special execution for the sale of the property, or a copy of the order of condemnation. He may make a valid sale in pursuance of the order without

1. When liability of sheriff for failure to sell attached property accrues.

either, but he is entitled to the writ or a copy of the order for his guidance and unless he waives it, there is no dereliction of duty on his part in failing to make the sale.

**2. Sheriff's term expiring— Special execution —To whom directed.**    But the special execution should run to the sheriff in office at the time of its issue. It is only where an officer's duties under a writ remain incomplete at the expiration of his term, that he has power to execute it after its expiration. Mansf. Dig., sec. 3081. The special[1] execution was improperly issued to Falconer after his term expired. He was not authorized to execute it and his failure to do so was no breach of his bond. *Johnson v. Foran*, 58 Md., 148; *Kent v. Roberts*, 2 Story, 602–3. For the same reason his endorsement upon it cannot be considered as an official return.

**3. Failure of sheriff to keep property attached—Presumption.**    But it is alleged he failed to safely keep the attached property, by which it may be presumed that the pleader intended to charge that he released it. The complaint further shows that the value of the property released exceeded the amount of the judgment; but it does not allege that plaintiff lost his debt by reason of the release, and the question is presented whether this sufficiently charges any damage. It is the duty of the sheriff to hold attached property subject to order of the court, and any dereliction in this behalf is a violation of his duty. When a judgment plaintiff proves a breach of this duty, the law presumes that he has been damaged in the full amount of his judgment, if it does not exceed the value of the property released, and it devolves upon the defendant to prove circumstances of mitigation to reduce the amount. This is a rule of public policy which is generally approved. Sedg., Damages, 509, 513; *Faulkner v. Bartley*, 6 Ark., 150; *Hootman v. Shriner*, 15 Ohio St., 43.

A complaint was held good in the case of *Adams v. State, use, etc.*, 6 Ark., 497, which alleged a failure by the sheriff to sell property levied upon, although it was not alleged that the plaintiff thereby lost his debt.

When the complaint is interpreted by the rules of our code pleading, as announced in *Bush v. Cella*, 52 Ark., 378, we think a breach of the bond is sufficiently charged.

The judgment will be reversed and the cause remanded with instructions to overrule the demurrer to the complaint.